UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In Re.<br>RYAN ALAN BALLETTO,<br>Plaintiff. | Case No. 15-cv-05619-LB<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>[Re: ECF Nos. 6, 7 ] |

## INTRODUCTION

Ryan Alan Balletto, an inmate at the Glen Dyer Jail in Oakland, filed this pro se prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 5.)[1] This action is now before the court for review of Mr. Balletto's complaint. This order finds the complaint and *in forma pauperis* application deficient, and requires Mr. Balletto to file an amended complaint as well as a certified copy of his inmate trust account statement.

## STATEMENT

In his complaint, Mr. Balletto alleges that he sent mail to his attorney on October 7, 2015, and later learned that the attorney did not receive the mail, so he filed an inmate grievance at the jail. The response to his inmate grievance "was that the USPS returned the legal mail and it was sent to

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

housing unit to be returned. I never received it." (ECF No. 6 at 3.)

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

There are two problems with Mr. Balletto's § 1983 complaint. First, the allegations of the complaint suggest nothing more than an isolated mistake in handling Mr. Balletto's mail that would not rise to the level of a violation of his constitutional rights. Inmates enjoy a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Prison and jail officials have a responsibility to forward mail to inmates promptly. *Bryan v. Werner*, 516 F.2d 233, 238 (3d Cir. 1975). However, a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999); *see also Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (content-neutral, short-term, and sporadic delays in prisoner's receipt of mail did not violate his First Amendment rights); *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir. 1990) (defendants opened a single piece of legal mail by accident; "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with Smith's right to counsel or to access to the courts, does not give rise to a constitutional violation"); *cf. Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (9th Cir. 1996) (plaintiff stated a claim where he alleged not merely negligent, but deliberate, obstruction of his mail that resulted in mail delivery being delayed for an inordinate

amount of time). In his amended complaint, Mr. Balletto must allege facts, if he has them, to plausibly suggest that the failure to return this one piece of mail was something more than a simple, isolated mistake or honest error.

Second, Mr. Balletto has not identified any defendant. To state a claim for relief under § 1983, a plaintiff must allege that there was a wrongdoer and that the wrongdoer was acting under color of state law. Leave to amend will be granted so that Mr. Balletto may attempt to provide the name of each person he wishes to sue for interfering with his mail. In his amended complaint, Mr. Balletto must link individual defendants to each of his claims by identifying each involved defendant by name and explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

If Mr. Balletto knows that someone interfered with his mail but does not know that person's name, he can sue the person as a John Doe or Jane Doe defendant in his amended complaint.[2] The use of "John Doe" or "Jane Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. Although the use of a John Doe or Jane Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name. The burden remains on the plaintiff to identify the defendant; the court will not undertake to investigate the name and identity of an unnamed defendant. If Mr. Balletto includes only Doe defendants in the amended complaint, the court will dismiss the action without prejudice to Mr. Balletto filing a new action if he ever learns the name of the defendant(s).

---

[2] If several people interfered with his mail and Mr. Balletto does not know the identity of any of them, he must number the Doe defendants, e.g., John Doe # 1, John Doe # 2, etc., so that each numbered John Doe refers to a different person. If the wrongdoer is a woman, Mr. Balletto should list her as "Jane Doe."

3

Mr. Balletto's *in forma pauperis* application is incomplete because it does not have attached to it a certified copy of his inmate trust account statement. (ECF No. 7.) A prisoner must "submit a certified copy of the trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Mr. Balletto must file a certified copy of his inmate trust account statement no later than **February 29, 2016.**

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. The amended complaint must be filed no later than **February 29, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Balletto is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

Mr. Balletto must file a certified copy of his inmate trust account statement no later than **February 29, 2016,** or his *in forma pauperis* application will be denied and this action will be dismissed. Alternatively, he may pay the full $400.00 fee (i.e., the $350.00 filing fee plus the $50.00 administrative fee) by that same deadline to avoid dismissal.

**IT IS SO ORDERED.**

Dated: January 27, 2016

LAUREL BEELER
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re: BALLETTO,

        Plaintiff,

  v.

,

        Defendant.

Case No. 3:15-cv-05619-LB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 27, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ryan Balletto ID: ULW801
550 6th Street
Oakland, CA 94607

Dated: January 27, 2016

                              Susan Y. Soong
                              Clerk, United States District Court

                              By: _____
                              Lashanda Scott, Deputy Clerk to the
                              Honorable LAUREL BEELER